**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Cruz Fernandez,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-23-01670-PHX-DWL

**ORDER**

Pending before the Court is a second motion for an award of attorneys' fees under 42 U.S.C. § 406(b) (Doc. 19) submitted by Plaintiff's counsel, Emily R. Tedone ("Counsel"). For the following reasons, the motion is denied.

**BACKGROUND**

On June 25, 2024, following full briefing (Docs. 9, 11, 12), the Court reversed the decision of the ALJ and remanded for further proceedings. (Doc. 13.)

On October 7, 2024, the parties' stipulated to an award of $3,155 in attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 15.) The Court granted the stipulation and awarded $3,155 in EAJA attorneys' fees. (Doc. 16.)

On December 3, 2025, Counsel filed the first motion for attorneys' fees under 42 U.S.C. § 406(b), seeking $17,879.50. (Doc. 17.) The Court granted the motion and awarded $17,879.50 in § 406(b) fees and ordered that the EAJA award be refunded to Plaintiff. (Doc. 18.)

On Aprill 22, 2026, Counsel filed the second motion for attorneys' fees under

§ 406(b), seeking an additional $8,716.50 due to the issuance of Notices of Awards for Plaintiff's dependent children. (Doc. 19.)

**DISCUSSION**

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits. (Doc. 17-5.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802-04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807-08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

As an initial matter, it is difficult to determine whether the second fees request exceeds 25 percent of the past-due benefits because the Notices of Award from the Social Security Administration ("SSA") do not clearly indicate what the amount of past-due benefits for each dependent child actually is, and the math does not seem to be consistent from one award to another. For example, Dulce Fernandez's Notice of Award states that her benefits "due for October 2021 through September 2024" were $8,358.00 and $2,089.50 was subtracted to pay the representative. (Doc. 19-4 at 5.) This seems straightforward: $2,089.50 is exactly 25% of $8,358.00. But Jacob Fernandez's Notice of Award indicates that his benefits "due for October 2021 through March 2026" were $15,188.00 and $3,313.50 was subtracted to pay the representative, although $3,313.50 is somewhat less than 25% of $15,188.00. (19-2 at 5.) And Cruz Fernandez's Notice of Award indicates that his benefits "due for October 2021 through March 2026" were $00.00. (Doc. 19-3 at 6.) This appears to be an error, as the Notice also indicates that Cruz is entitled to a monthly payment of $389.00. (*Id.*) This Notice does indicate, as do the others, that the SSA "usually" withholds 25 percent of past due benefits, and Cruz's Notice indicates that $3,313.50 was withheld. (*Id.* at 2.) But due to the error of not including the

amount of actual past-due benefits, the Court cannot independently verify that $3,313.50 does not exceed the 25% boundary.

At any rate, even assuming that the $8,716.50 supplemental fees request does not exceed the 25% boundary, Counsel has not demonstrated that the supplemental fees are reasonable for the services rendered. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. This determination does not equate to use of the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all."). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Id.* at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808.) The Court must determine whether it is appropriate to reduce Counsel's recovery from the contingency fee to "disallow windfalls for lawyers." *Gisbrecht*, 535 U.S. at 808 (cleaned up). It is appropriate to reduce Counsel's recovery by assessing whether "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. "The attorney bears the burden of establishing that the fee sought is reasonable." *Crawford*, 586 F.3d at 1148.

Counsel submitted, with her first motion for § 406(b) fees, a summary of the hours spent litigating this case, totaling 12.9 hours. (Doc. 17-3.) The de facto hourly rate for the $17,879.50 § 406(b) award that Counsel already received is $1,386.01. That de facto hourly rate already exceeds what courts in the District of Arizona have found to be reasonable for § 406(b) awards in cases of ordinary complexity. *See, e.g.*, *Solomon v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4355635, at *5 (D. Ariz. 2021) ("The prevailing

non-contingent rate in the Phoenix market is $250.00 per hour, and courts in the District of Arizona have reduced § 406(b) fee awards to an amount approximately three times higher than this rate, a de facto rate of $750 or thereabout.") (cleaned up).

This Court routinely approves, without any reduction for reasonableness, fee applications where the amount requested is in a more typical range—for a case of ordinary complexity and risk, an award between $9,500 and $17,000 is quite common and usually amounts to a de facto hourly rate between $350 to $410. *See, e.g.*, *Vega v. Commissioner of Social Security Administration*, 2:18-cv-01552-DWL, Docs. 25-3, 32 ($13,493.25 award, 36.3 hours billed, $371.71 de facto hourly rate); *Bello v. Commissioner of Social Security Administration*, 2:18-cv-01620-DWL, Docs. 22-3, 25 ($16,776.50 award, 41.7 hours billed, $402.31 de facto hourly rate); *Cox v. Commissioner of Social Security Administration*, 3:18-cv-08335-DWL, Docs. 22-1, 23 ($9,528.40 award, 23.2 hours billed, $410.71 de facto hourly rate); *Eastes v. Commissioner of Social Security Administration*, 2:18-cv-00013-DWL, Docs. 34-1, 35 ($13,394.75 award, 35.4 hours billed, $378.38 de facto hourly rate); *Sharp v. Commissioner of Social Security Administration*, 2:17-cv-08133-DWL, Docs. 26-3, 27 ($14,816.40 award, 40.7 hours billed, $364.04 de facto hourly rate). This bears mentioning because it at least establishes a baseline—albeit not a ceiling—for what can easily be determined to be reasonable in a case of average complexity and risk. *Scott v. Comm'r of Soc. Sec. Admin.*, 2025 WL 2444066, *5 (D. Ariz. 2025).

Here, although the earlier requested $17,879.50 award was on the high side for a case necessitating only 12.9 hours of work, the Court approved it in full. (Doc. 18.)

A successive award of $8,716.50 would bring the total § 406(b) award to $26,596. The children's benefits are derived from the same work on the same case—Counsel has not suggested, let alone demonstrated, that the children's benefits entailed additional work not already represented in the time ledger depicting the time spent on the opening brief and reply brief. Thus, the de facto hourly rate, if the successive award were granted, would be $2,061.71. This far exceeds what courts in the District of Arizona have found to be reasonable for § 406(b) awards in cases of ordinary complexity.

In an effort to show otherwise, Counsel cites a series of cases in which courts in the District of Arizona approved de facto hourly rates ranging from $1,121.68 to $1,491.25 and contends that those cases "compare favorably with the hourly rate requested in this case" because they "approved larger hourly fees." (Doc. 19-1 at 5.) This argument is puzzling and may be the consequence of a hasty cut-and-paste job. Needless to say, cases approving de facto hourly rates that were only 54% to 72% the size of the de facto rate at issue here are not helpful in establishing the reasonableness of that rate. Nor has Counsel attempted to demonstrate that this case was especially risky or complex.

In short, Counsel was already granted § 406(b) fees in an amount pushing the boundary of what could be deemed reasonable for this case. Although Counsel did excellent work in obtaining relief, any additional fees would still constitute a windfall.

Accordingly,

**IT IS ORDERED** that Counsel's successive motion for § 406(b) attorneys' fees (Doc. 19) is **denied**.

Dated this 20th day of August, 2026.

Dominic W. Lanza
United States District Judge